United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Robert Keen
    Debtor

Case No. 16-10142-elf
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: DonnaR    Page 1 of 1    Date Rcvd: Feb 17, 2017
                       Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 19, 2017.
db        Robert Keen,    956 Walsh Avenue,    Langhorne, PA   19047-2772

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                             TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                            TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 19, 2017                                  Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 17, 2017 at the address(es) listed below:
       DENISE ELIZABETH CARLON    on behalf of Creditor    WELLS FARGO BANK, N.A. bkgroup@kmllawgroup.com
       JEREMY JOHN KOBESKI    on behalf of Creditor    WELLS FARGO BANK, N.A. paeb@fedphe.com
       JOSHUA ISAAC GOLDMAN    on behalf of Creditor    Wilmington Savings Fund Society, FSB, Et Al...
        bkgroup@kmllawgroup.com,    bkgroup@kmllawgroup.com
       THOMAS I. PULEO    on behalf of Creditor    Wilmington Savings Fund Society, FSB, Et Al...
        tpuleo@kmllawgroup.com,    bkgroup@kmllawgroup.com
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
       WILLIAM C. MILLER    ecfemails@ph13trustee.com,    philaecf@gmail.com
       ZACHARY PERLICK    on behalf of Debtor Robert Keen Perlick@verizon.net,    pireland1@verizon.net
                                                                                                            TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert Keen<br>    Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust<br>    Movant<br>vs. | NO. 16-10142 ELF |
| Robert Keen<br>    Debtor | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>    Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtor's residence is **$23,149.02,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2016 through April 2016 at $1,913.77<br>May 2016 through January 2017 at $1,820.19 |
| Fees & Costs Relating to Motion: | $1,026.00 ($850.00 MFR Fee; $176.00 Filing Cost) |
| **Total Post-Petition Arrears** | **$23,149.02** |

2. Debtor shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$23,149.02** along with the pre-petition arrears.

b). Maintenance of current monthly mortgage payments to Movant thereafter which are to be sent to: Rushmore Loan Management Services, P.O. Box 52708, Irvine, CA 92619-2708.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Should Debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 11, 2016

By:   /s/ Thomas I. Puleo, Esquire
Thomas I. Puleo, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 2/15/17

Zachary Perlick, Esq.
Attorney for Debtor

Approved by the Court this 17th day of February, 2017. However, the court retains discretion regarding entry of any further order.

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**